## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| RANDALL G. JARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 15-cv-1343 |
| | ) |
| ALLAN DORAN, BRADLEY BAIRD, | ) |
| JONATHAN MARION, and JOHN DOE | ) |
| BRADSHAW, | ) |
| | ) |
| Defendants. | ) |

### O R D E R & OPINION

This matter is before the Court on Plaintiff's Petition to Proceed in Forma Pauperis (Doc. 3) and Motion to Request Counsel (Doc. 5). For the following reasons, Plaintiff's Petition to Proceed in Forma Pauperis is granted, and his Motion to Request Counsel is denied.

#### BACKGROUND

On August 17, 2015, Plaintiff submitted a Complaint pursuant to 42 U.S.C. § 1983, in which he alleges that a number of Pontiac police officers violated his Constitutional rights by using excessive force when they arrested and detained him on July 4, 2015. (Doc. 1 at 5).[1] Specifically, he alleges that (1) Officer Allan Doran

---

[1] In his Complaint, Plaintiff argues that the arresting officers used excessive force in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. This won't work, as the Eighth Amendment only applies to cases involving convicted prisoners. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009). However, there are other relevant Constitutional protections at play. The Fourth Amendment protects individuals against unreasonable seizures, including arrests in which officers use excessive force. *See Graham v. Connor*, 490 U.S. 386 (1989). The Fourteenth Amendment similarly protects post-arrest, pre-trial

used a taser gun on him between nine and eleven times over a period of eight minutes; (2) Officer Doran choked him twice in two minutes while he was detained in a squad car; (3) Officer Doran, along with Officer Bradley Baird and Officer Bradshaw forced him out of the squad car; (4) Officer Baird bashed his head on the ground twice and "repeatedly dropped knees" on his stomach, back and legs; (5) Officer Bradshaw impeded his breathing by putting "unnecessary pressure on [his] throat with his knee;" and (6) Officer Marion "dropped knees" on his back and legs. (*Id.*).

## DISCUSSION

First, the Court considers Plaintiff's petition to proceed in forma pauperis. This Court may allow a civil suit to proceed without the prepayment of fees when a plaintiff submits an affidavit that includes a statement of all of their assets, and shows that they are unable to pay filing fees or provide security for the payment of a filing fee. 28 U.S.C. § 1915(a)(1). The affidavit must "state the nature of the action.

---

detainees from excessive force. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015). Both Fourth Amendment and Fourteenth Amendment excessive force claims require a plaintiff to show that the force used against him was objectively unreasonable. *See Kingsley*, 135 S. Ct. at 2472-73; *Lopez v. City of Chicago*, 464 F.3d 711, 718-19 (7th Cir. 2006). It is unclear from Plaintiff's Complaint whether the protection of the Fourteenth Amendment is at play here. If the Pontiac police officers arrested him without a warrant, the protection of the Fourth Amendment extends until there has been a judicial determination of probable cause. *See Lopez*, 464 F.3d at 718-19. If the police officers previously obtained a warrant, then it appears that Plaintiff's claims regarding excessive force used during his arrest would be governed by the Fourth Amendment and his claims regarding excessive force after the officers had effectuated his arrest would be governed by the Fourteenth Amendment. At this stage, it is sufficient to say that Plaintiff was protected by the Constitution's prohibition against excessive force at all points relevant to the Complaint. Because courts construe pro se filings broadly, the Court will construe Plaintiff's Complaint to allege that he was subject to excessive force in violation of the Fourth and Fourteenth Amendments.

. . and affiant's belief that the person is entitled to redress." *Id.* Applicants who are prisoners must also "submit a certified copy of the trust fund account statement . . . for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined. *Id.* at § 1915(a)(2).

Plaintiff, who is currently confined at the Livingston County Jail, has submitted the necessary affidavit, and the Livingston County Sheriff's Office has submitted Plaintiff's trust fund ledger from July 5, 2015 until September 14, 2015. On the basis of these submissions, the Court concludes that Plaintiff is entitled to proceed in forma pauperis in this litigation.

A prisoner who brings a civil action in forma pauperis is still required to pay the full amount of the filing fee. *See* 28 U.S.C. § 1915(b)(1). Pursuant to 28 U.S.C. § 1915(b)(4), the initial partial filing fee is waived. The Court directs the agency having custody of Plaintiff to make monthly payments of twenty-percent of the preceding month's income credited to Plaintiff's account to the Clerk of Court. The agency having custody of Plaintiff shall forward these payments each time Plaintiff's account exceeds $10, until the filing fee of $350 is paid in full. *See* 28 U.S.C. § 1915(b)(2).[2]

Next, the Court considers Plaintiff's motion to request counsel. A civil litigant is not entitled to a court-appointed attorney. *Johnson v. Doughty*, 433 F.3d 1001,

---

[2] In determining whether a Plaintiff is entitled to proceed in forma pauperis, the Court must also screen the Complaint and dismiss it if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Based on the Court's initial review of Plaintiff's Complaint, it cannot find that it should be dismissed.

1006 (7th Cir. 2006). However, the Court may request an attorney to represent an indigent litigant. 28 U.S.C. § 1915(e)(1). The decision of whether to appoint counsel is generally left to the discretion of the Court. *Wilson v. Duckworth*, 716 F.2d 415, 418 (7th Cir. 1983). The litigant must first show that he made a reasonable attempt to acquire counsel without Court intervention. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). If the litigant has made the proper attempt, the Court considers whether, "given the difficulty of the case," he appears able to litigate it himself, and, if not, whether appointed counsel would be "reasonably likely to alter the outcome." *Id*. at 655-56, 660.

Plaintiff has made the threshold showing that he made an attempt to acquire counsel without Court intervention. Specifically, he states that he unsuccessfully "tried contacting several attorneys about [his] case by phone," and has provided their names and phone numbers. (Doc. 5 at 3). Thus, the relevant inquiry is whether Plaintiff appears competent to litigate the case, considering his abilities and the difficulty of the case. Plaintiff is bringing a straightforward claim of excessive force against police officers. He has indicated that he has some high school education, has adequately filled in his form Complaint, and has also set forth a plain statement of his claims. These factors convince the Court that Plaintiff is able to litigate the case himself. The Court, in its discretion, denies Plaintiff's motion.

## CONCLUSION

For the foregoing reasons, Plaintiff's Petition to Proceed in Forma Pauperis (Doc. 3) is GRANTED and Plaintiff's Motion to Request Counsel (Doc. 5) is

DENIED. The Clerk is directed to mail a copy of this Order to Plaintiff's place of confinement, to the attention of the Trust Fund Office.

The Court further directs the Clerk to prepare summons and copies of the Complaint for the United States Marshal, who is DIRECTED to serve them on all Defendants in accordance with Federal Rule of Civil Procedure 4.

Entered this 18th day of September, 2015.

                                                s/Joe B. McDade  
                                                JOE BILLY McDADE  
                                    United States Senior District Judge