## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |  |
|---|---|---|
| RANDALL G. JARRETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-cv-1343 |
| | ) | |
| ALLAN DORAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## O R D E R & OPINION

This matter is before the Court on Magistrate Judge Hawley's Report & Recommendation (R&R) that the Court dismiss this case for failure to prosecute and failure to comply with a Court order pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 21). Judge Hawley warned Plaintiff Randall Jarrett that "any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days of service," and that a "[f]ailure to object will constitute a waiver of objections on appeal." (*Id.* at 2). Plaintiff's objection to the R&R was due on February 10, 2016, and none has been filed. The Court has reviewed Judge Hawley's R&R, and agrees that dismissal is warranted.

### BACKGROUND

Plaintiff filed his Complaint against various members of the Pontiac Police Department on August 17, 2015. (Doc. 1). At that time, he resided at the Livingston County Jail. On October 26, 2015, Plaintiff filed a Notice of Change of Address with the Court. (Doc. 11). In it, he noted that he had "bonded out . . . from Livingston

County Jail," and was homeless but could receive mail at an address in Pontiac, Illinois. (*Id.*).

The Court has not been able to consistently reach Plaintiff at the address that he has provided. A copy of a text order entered by Judge Hawley on November 12, 2015 was returned to the Court as undeliverable on December 3, 2015. (Doc. 17). On December 14, 2015, Judge Hawley entered an order setting a Rule 16 scheduling conference for January 14, 2016. (Doc. 19). On the same day, he entered a separate text order informing Plaintiff that he must keep the Court apprised of any change to his address and that a "[f]ailure to notify the clerk of a change of address will result in the dismissal of the case." (Dkt. at Text Order of 12/14/15).

On January 5, 2016, Plaintiff called Judge Hawley's chambers regarding the Rule 16 conference to confirm his mailing address and provide a telephone number at which he could be reached for the hearing. This is the last time that the Court heard from Plaintiff. The Court could not reach him by telephone for the Rule 16 scheduling conference, and ordered that he show cause for his failure to be available by appearing in person on Friday, January 22, 2016. (Dkt. at Text Order of 1/14/16). After Plaintiff failed to appear for the Show Cause hearing on January 22, 2016, Judge Hawley recommended that his case be dismissed for failure to prosecute. (Doc. 21). The Clerk sent both Judge Hawley's January 14, 2016 text order and the R&R to Plaintiff by certified mail. Each was later returned to the Court as refused. (Docs. 22, 23).

## DISCUSSION

A review of the R&R and the docket convince the Court that dismissal is appropriate. Judge Hawley twice ordered Plaintiff to appear at scheduled conferences – once by telephone, and once in person. Each time, Plaintiff failed to appear without explanation. Moreover, the Court has been unable to reach Plaintiff, as he has not taken the Court's calls and the Court's attempts to serve orders by mail have been either returned or refused. (*See* Docs. 16, 22, 23; Dkt. at Text Order of 1/14/16). The docket also reflects that Defendant has also been unable to reach Plaintiff. (*See* Doc. 20 at 1 (noting that attorney for Defendants could not reach Plaintiff to conduct a Rule 26(f) planning meeting)). Without Plaintiff's participation, this lawsuit just cannot progress.

The question, then, is whether the case should be dismissed with prejudice or without prejudice. Under the text of the rule, dismissal for failure to prosecute or failure to comply with a court order "operates as an adjudication on the merits" unless "the dismissal order states otherwise . . . ." Fed. R. Civ. P. 41(b). The Seventh Circuit has explained that in the context of dismissals with prejudice, "dismissal for failure to prosecute is an extraordinarily harsh sanction that should be used only in extreme situations, where there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Kruger v. Apfel*, 214 F.3d 786, 787 (7th Cir. 2000). In light of this, it has "repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." *Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004).

Here, Plaintiff's failure to appear at Court ordered proceedings and otherwise advance the litigation has resulted in obvious delay. *See Kruger*, 214 F.3d at 787. But Plaintiff was not provided with an explicit warning that the Court was considering dismissing his case for failure to prosecute prior to the issuance of the R&R. *See Sharif*, 376 F.3d at 725. Plaintiff was earlier warned that his case would be dismissed if he failed to notify the clerk of a change of address. (Dkt. at Text Order of 12/14/15). Yet it is unclear from the record that Plaintiff has actually changed addresses. And Plaintiff was directed to show cause for why he shouldn't be held in contempt of court. (Dkt. at Text Order of 1/14/16). But a warning that Plaintiff may be held in contempt of court is different from a warning that Plaintiff's case will be dismissed with prejudice.

In light of this, the Court concludes that Plaintiff's case should be dismissed without prejudice rather than with prejudice. When a case is dismissed without prejudice, "an explicit warning is not normally required." *Sharif*, 376 F.3d at 725. It is unlikely that such a warning would have even made any difference in this case, as the Court has been simply unable to reach Plaintiff. Yet, without an explicit warning, the Court is reluctant to allow this dismissal to function as an adjudication of the claim's merits.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. 21) is ACCEPTED AS MODIFIED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Rule 41(b) for failure to prosecute and failure to comply with the Court's orders. IT IS SO ORDERED.

Entered this 16th day of February, 2016.

s/Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
